# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY LEE HUTTON, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-474-HE |
| ANDE HOWRY, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a Missouri state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

### I. Parties

Plaintiff is a Missouri state prisoner who is currently confined as a transfer inmate at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. *See* Compl. [Doc. No. 1], 4.[1] Plaintiff was previously confined at the Davis Correctional Facility (DCF) in Holdenville, Oklahoma. *See id.*

Plaintiff named four defendants in this action. Mardy Garison is identified as an institutional investigator who is employed by Corrections Corporation of America (CCA) in Holdenville, Oklahoma. *Id.* at 2. Ande Howry is identified as an interstate compact coordinator

---

[1] Page references are to the CM/ECF page number.

employed by the Oklahoma Department of Corrections in Lexington, Oklahoma. *Id.* Dale Brewer is identified as a population control supervisor for the Oklahoma Department of Corrections in Lexington, Oklahoma. *Id.* at 3. Donna Raymond is identified as an interstate compact coordinator for the Missouri Department of Corrections in Jefferson City, Missouri.

## II. Plaintiff's Claims

Plaintiff brings a Section 1983 claim against the defendants. Compl. 3. While confined at DCF, a medium-security facility, Plaintiff contends he made a sexual harassment complaint against staff via the Prison Rape Elimination Act hotline. *Id.* Plaintiff claims that on March 10, 2016, he was interviewed by Garison, who threatened to retaliate against Plaintiff by having Plaintiff transferred to OSP, a maximum-security facility. *Id.* at 12. Plaintiff asserts he told Garison he would not withdraw his complaint. *Id.* Garison allegedly told Plaintiff that he could have Plaintiff transferred within twenty-four hours by making one phone call. *Id.* The following day, Plaintiff was transferred to OSP, which he contends was an act of retaliation. *Id.* Plaintiff contacted Howry and Raymond to seek assistance because, according to Plaintiff, Howry and Raymond have the responsibility to ensure Plaintiff receives due process. *Id.* Plaintiff contends Howry and Raymond acted recklessly and failed to intervene. *Id.* at 13. Plaintiff contends Brewer authorized Plaintiff's transfer to OSP and in doing so deliberately disregarded the policy regarding interstate-compact inmates as well as Oklahoma Department of Corrections policy. *Id.*

## III. Analysis

The Court is obligated to review complaints filed by prisoners who seek redress from governmental entities or officers or employees of a governmental entity. 28 U.S.C. § 1915A(a). As part of this obligation, the Court may consider whether venue is proper sua sponte "when the defense is obvious from the face of the complaint and no further factual record is required to be

developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *see also Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) (unpublished) (holding that a district court may consider venue on a § 1915 screening); *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (unpublished) (acknowledging district court has discretion to dismiss or transfer for improper venue).

Venue is proper in a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Although two of the defendants (Brewer and Howry) are identified as being from Lexington, Oklahoma, which is within the jurisdictional boundaries of this Court,[2] the first subsection is not applicable because Raymond is from Missouri. Therefore, venue is proper in this Court only if a substantial part of the events or omissions giving rise to the claims occurred within its boundaries.

It is clear that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred outside of the territorial boundaries of this Court. Plaintiff made his complaint regarding conduct occurring at DCF, the interview occurred at DCF, and he was threatened with retaliation at DCF. As a result of the alleged retaliatory conduct, Plaintiff was transferred to OSP. The Court takes judicial notice of the fact that Holdenville, Oklahoma (DCF's location) is in Hughes County,

---

[2] The Court takes judicial notice of the fact that Lexington, Oklahoma is in Cleveland County, which is within the territorial boundaries of this Court. *See* 28 U.S.C. § 116(c).

Oklahoma and McAlester, Oklahoma (OSP's location) is in Pittsburg County, Oklahoma. As such, both facilities are located within the territorial confines of the United States District Court for the Eastern District of Oklahoma (Eastern District). *See* 28 U.S.C. § 116(b). Venue is therefore appropriate in the Eastern District.

On the other hand, the acts of the two individuals who are allegedly from this district do not constitute a substantial part of the events or omissions giving rise to Plaintiff's claims. Howry allegedly failed to enforce Plaintiff's due process rights regarding that prison transfer that occurred wholly within the boundaries of the Eastern District. Brewer allegedly approved a prison transfer at the direction of an individual whose retaliatory motives stemmed from acts occurring in DCF, a prison located in the Eastern District. Thus, venue is not appropriate in this Court.

Although the matter is subject to dismissal, a district court may cure a defect in venue by transferring the case to "any district or division in which it could have been brought" if transfer is "in the interest of justice." 28 U.S.C. § 1406(a). It is recommended that this Court exercise its discretion and transfer this case to the Eastern District.[3]

## RECOMMENDATION

It is recommended that this action, with all pleadings filed in this Court, be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a).

---

[3] Even if venue were proper in this judicial district, the Court would still recommend transfer of this action to the Eastern District because that district has significantly greater ties to the events underlying Plaintiff's claims and the persons allegedly responsible for, or having knowledge about, those events. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 18, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the Chief District Judge in this matter.

ENTERED this 27th day of April, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE